IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JEREMY DUNCAN, a fictitious name pursuant to SLR 2.035, | ) ) ) | |
| Plaintiff, | ) ) | Civil Case No. 05-1747-KI *(Lead Case)* |
| vs. | ) ) | CONSOLIDATED CASES |
| STATE OF OREGON; OREGON YOUTH AUTHORITY; MICHAEL LEE BOYLES; ROBERT JESTER; JOSEPH MESTETH; KAREN BRAZEAU; and JOHN AND JANE DOES 1-10, | ) ) ) ) ) ) ) | OPINION AND ORDER |
| Defendants. | ) ) | |

Robert G. Thuemmel
Thuemmel & Uhle
210 S.W. Morrison Street, Suite 600
Portland, Oregon  97204

      Attorney for Plaintiff Duncan and D.B.

John D. Ryan
503 S.W. Colony Drive
Portland, Oregon  97219

      Attorney for Plaintiff Duncan

Erin K. Olson
2905 N.E. Broadway Street
Portland, Oregon  97232

      Attorney for Plaintiff D.B.
         Munoz Estate, and M.D.

Michelle R. Burrows
618 N.W. Glisan Street, Suite 203
Portland, Oregon  97209

      Attorney for Plaintiff M.A. and D.B.
         D.H.M.

H.R.
      Pro Se Plaintiff

Randall Vogt
2125 S.W. 4th Avenue, Suite 600
Portland, Oregon  97201

      Attorneys for Plaintiff J.D.

David L. Kramer
James S. Smith
State of Oregon
Department of Justice, Trial Division
1162 Court Street, N.E.
Salem, Oregon  97301-4096

      Attorneys for Defendants State of Oregon, OYA, Jester and Brazeau

Robert A. Petersen
528 Cottage Street, NE
Suite 160
Salem, Oregon 97301

      Attorney for Defendant Mesteth

Michael Lee Boyles
Swiss #681118
Multnomah County Sheriff's Office
Justice Center
1120 S.W. 3rd Avenue
Portland, Oregon  97204

       Pro Se Defendant

KING, Judge:

In my Opinion and Order of March 14, 2007, I allowed the Munoz Estate to file

supplemental material authenticating a letter Munoz wrote dated August 24, 2004, or

alternatively to file a transcript of Munoz's grand jury testimony under seal.  The evidence was

needed to support an equitable estoppel argument.  I then set a briefing schedule for the parties to

file supplemental arguments concerning the admissibility of the letter for this motion.  The Estate

authenticated the letter through the declaration of Amy Elkanich, Munoz's attorney to whom he

gave the letter.  State Defendants do not dispute the authentication.  The issue is whether the

letter is inadmissible hearsay.

## DISCUSSION

The Estate first argues that the letter is admissible as an adoptive admission under Federal

Rule of Evidence 801(d)(2)(B) because the Deputy District Attorney read portions of the letter

during Lyman's sentencing.  I decline to address this argument because I think the letter fits

better within the residual hearsay exception in Federal Rule of Evidence 807.

> Hearsay evidence sought to be admitted under Rule 807 must have
> circumstantial guarantees of trustworthiness equivalent to the listed exceptions to
> the hearsay rule.  Furthermore, the statements must (1) be evidence of a material
> fact; (2) be more probative on the point for which it is offered than any other
> evidence which the proponent can procure through reasonable efforts; and (3)
> serve the general purposes of the Rules of Evidence and the interests of justice by
> its admission into evidence.

Page 3 - OPINION AND ORDER

United States v. Ramirez-Lopez, 315 F.3d 1143, 1153 (9th Cir. 2003) (internal citation omitted).

The trustworthiness of the letter is supported in a few ways. Its description of Boyles' abuse of Munoz is consistent both with Munoz's grand jury testimony and with Munoz's statements made to Detective Sudaisar. I realize that we have no grand jury transcript but the fact that an indictment resulted from the testimony creates an inference that Munoz testified about the abuse. Further, the threats Munoz describes in the letter are consistent with the threats Boyles made to other plaintiffs here. Based on the corroboration, I conclude that the letter's trustworthiness is equivalent to other hearsay exceptions.

Turning to the other factors, the letter is evidence of whether Boyles threatened Munoz, one of the elements of the equitable estoppel analysis. Because of Munoz's death, the letter is more probative on the issue than any other evidence which can be procured, except possibly the grand jury testimony which would have to be reconstructed through notes. I also find that admitting the letter serves the interests of justice, particularly since it is consistent with both grand jury testimony and statements Munoz made during the Oregon State Police investigation. There is no other way to prove the claim. In summary, I find that the letter falls within the residual hearsay exception.

I will repeat the facts as laid out in the last Opinion and Order.

Munoz was born on July 9, 1983 and turned 18 on July 9, 2001. Boyles was his PPO during several periods totaling over four years between September 19, 1996 and November 5, 2002. Munoz died on January 28, 2005 by committing suicide in his cell at Oregon State Penitentiary. The Munoz Estate filed a complaint on November 14, 2005 which alleges that Boyles sexually abused Munoz while he was a minor. Before his death, Munoz testified about the alleged sexual abuse at the grand jury on three occasions. No transcript is available. Munoz

was interviewed by Detective Sudaisar on several occasions in 2004. The transcripts of the interviews contain nothing about any threats made by Boyles. The transcripts do contain a written statement Munoz gave Detective Sudaisar on March 29, 2004 which states that Boyles would tell him that he wanted Munoz to have nice things and stay out of trouble but Munoz believed: "really they were just telling me to either give in an[d] let them take advantage of me and keep those nice things, or if I didn't I was going to back to MacLaren, Hillcrest, whatever." Olson Decl. Ex. N at 17.

Munoz's letter is dated August 24, 2004 and discusses how Boyles provided marijuana and alcohol to Munoz and eventually initiated sexual contact with the boy. The letter states that Boyles told Munoz that he really cared for him and not to let anybody know about their secret or he would go back to MacLaren. Munoz never reported the abuse until he was contacted by Detective Sudaisar and learned that Boyles had been incarcerated. Munoz said that he kept quiet until then because he was scared, ashamed, and did not know anybody that he trusted to help him. The letter closes by saying that he is giving this statement to his attorney Amy and that he already told the grand jury everything in it.

Munoz's § 1983 claims accrued while he was a minor and were tolled until he turned 19 on July 9, 2002. Based on the letter, Boyles threatened Munoz with imprisonment at MacLaren. A jury could find that Munoz's fear of filing was reasonable. Further, Munoz's suicide in January 2005 complicated the situation and could reasonably delay filing until November 14, 2005. Thus, a factual issue exists on whether equitable estoppel should apply, preventing summary dismissal of the § 1983 claims for statute of limitations reasons.

Munoz's OTCA claims, accrued at the latest by July 9, 2001, with the limitations period running on July 9, 2003. For the same reasons, a factual issue exists on the application of equitable estoppel, preventing dismissal of the OTCA claims.

## CONCLUSION

State Defendants' Motion for Summary Judgment (Munoz Estate – #103) is denied.

IT IS SO ORDERED.

Dated this _____2nd_____ day of April, 2007.


     ___/s/ Garr M. King_____
     Garr M. King
     United States District Judge