IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JEREMY DUNCAN, a fictitious name pursuant to SLR 2.035, | ) ) ) | |
| Plaintiff, | ) ) | Civil Case No. 05-1747-KI *(Lead Case)* |
| vs. | ) ) ) | CONSOLIDATED CASES |
| STATE OF OREGON; OREGON YOUTH AUTHORITY; MICHAEL LEE BOYLES; ROBERT JESTER; JOSEPH MESTETH; KAREN BRAZEAU; and JOHN AND JANE DOES 1-10, | ) ) ) ) ) ) | OPINION AND ORDER |
| Defendants. | ) ) ) | |

Robert G. Thuemmel
Thuemmel & Uhle
210 S.W. Morrison Street, Suite 600
Portland, Oregon  97204

      Attorney for Plaintiff Duncan and D.B.

John D. Ryan
503 S.W. Colony Drive
Portland, Oregon  97219

      Attorney for Plaintiff Duncan

Page 1 - OPINION AND ORDER

Erin K. Olson
2905 N.E. Broadway Street
Portland, Oregon  97232

        Attorney for Plaintiff D.B.
           Munoz Estate, and M.D.

Michelle R. Burrows
618 N.W. Glisan Street, Suite 203
Portland, Oregon  97209

        Attorney for Plaintiff M.A. and D.B.
           D.H.M.

H.R.
        Pro Se Plaintiff

Randall Vogt
2125 S.W. 4th Avenue, Suite 600
Portland, Oregon  97201

        Attorneys for Plaintiff J.D.

David L. Kramer
James S. Smith
State of Oregon
Department of Justice, Trial Division
1162 Court Street, N.E.
Salem, Oregon  97301-4096

        Attorneys for Defendants State of Oregon, OYA, Jester and Brazeau

Robert A. Petersen
528 Cottage Street, NE
Suite 160
Salem, Oregon 97301

        Attorney for Defendant Mesteth

Michael Lee Boyles
Swiss #681118
Multnomah County Sheriff's Office
Justice Center
1120 S.W. 3rd Avenue
Portland, Oregon  97204

      Pro Se Defendant

KING, Judge:

In this action, DHM alleges several claims based on sexual abuse inflicted on him by his Oregon Youth Authority ("OYA") probation officer, Michael Boyles.  Before the court is DHM's Motion to Substitute Parties (#214) and the State's Rule 12 Motion Against DHM's Second Amended Complaint (#210).

## PROCEDURAL BACKGROUND

DHM filed his original complaint in state court in March 2004 alleging claims against Boyles, the OYA, and the State.  The First Amended Complaint was filed on January 30, 2006 alleging claims against the OYA, Gary Lawhead, Havan Jones, and three John Does.  Because federal claims were now alleged, defendants removed the action on February 1, 2006.  DHM filed the Second Amended Complaint on July 31, 2007 alleging claims against Boyles, the State, Lawhead, Jones, John Powell, and Floyd Mesteth.

## DISCUSSION

I.     Substitution of Parties

DHM seeks to substitute John Powell and Floyd Mesteth for the John Does.[1]

---

[1] DHM also adds Boyles as a defendant.  Boyles was named in the original Complaint and dropped from the First Amended Complaint.  Boyles has not made an appearance in DHM's case.  To simplify matters, I will refer to all defendants represented by the State, which are all

Citing two cases from this court, defendants contend that ORCP 23C must be used in the

analysis concerning the relation back of a substituted party in a § 1983 case.  Defendants contend

that DHM's claim accrued by the date of his release from the OYA on July 15, 2002.  They

assume that I would decide that DHM may be entitled to equitable estoppel, as I did with the

other plaintiffs.  Under defendants' scenario, the statute of limitations on the § 1983 claim

against parties other than those named in the original Complaint would extend to the later of July

15, 2004 or a reasonable time after April 6, 2004, the date DHM filed the original Complaint.

For purposes of this motion, defendants accept that two years would be a reasonable time,

meaning that the limitations period under equitable estoppel expired by April 6, 2006.  Based on

this date, defendants argue that Powell and Mesteth did not have notice prior to April 6, 2006 and

that the facts do not fit within the two common scenarios for mistakes under Oregon law which

allow a plaintiff to substitute parties.  Defendants note that Powell and Mesteth both testified at

Boyles' criminal trial in July 2005 so their role was known well before now.

DHM argues that Federal Rule of Civil Procedure 15(c) controls the relation back

analysis.  He contends that ORCP 23C is an example of a state law which is inconsistent with

§ 1983 and should not be applied because ORCP 23C provides less substantive rights than

Rule 15(c).  As noted in defendants' analysis, Oregon case law interpreting ORCP 23C severely

limits the type of mistakes which allow a plaintiff to substitute parties and thus provides fewer

substantive rights.

The Honorable Owen Panner addressed this issue at length in Phillips v. Multnomah

County, CV05-105-CL, 2007 WL 915173 (D. Or. Mar. 23, 2007).  Phillips reviews numerous

_____

defendants except Boyles, as defendants.

Page 4 - OPINION AND ORDER

Supreme Court cases relevant to the issue and distinguishes two Ninth Circuit cases which rely on a California law that has no counterpart in Oregon.  Phillips also quotes the Advisory Committee Notes accompanying the 1991 amendment:  "Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim."  Id. at *3.

I conclude that the Phillips decision is thorough and well-reasoned and I adopt it here. Accordingly, I will apply Rule 15(c) to the relation back argument.  Rule 15 states:

> (c)  Relation Back of Amendments.
>
> An amendment of a pleading relates back to the date of the original pleading when
>
> (1)  relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2)  the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3)  the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

As a change of defendants, DHM's amendment would have to fall within subsection (3). As required by subsection (3), subsection (2) is satisfied because all pleadings concern Boyles' alleged abuse of DHM.  The issue is notice.  DHM argues that Powell and Mesteth received adequate notice of DHM's claims because they were named as defendants in related cases and testified at Boyles' criminal trial in July 2005.

Page 5 - OPINION AND ORDER

The Advisory Committee Notes for the 1966 amendment state that the notice need not be formal.  Mesteth was named as a defendant in a complaint filed in one of the related cases in February 2005.  Powell, however, was not named in a complaint in any of the related cases until January 10, 2007.  I agree with DHM that being named in a related case is sufficient notice that a defendant should have known that but for a mistake concerning his identity, the action would have been brought against him.  The notice is sufficient to keep defendant from being prejudiced in maintaining a defense in this action.  Testimony at the criminal trial is also notice of the problem concerning all boys on Boyles' caseload and Powell's and Mesteth's involvement in it.  Accordingly, I conclude that defendants had sufficient notice to satisfy Rule 15.

The last question, then, is whether Powell and Mesteth received this informal notice within the period provided by Rule 4(m) for service, namely, 120 days.  It is not clear to me whether DHM is trying to relate the Second Amended Complaint back to the Complaint or the First Amended Complaint.  For now, I will assume he intends to relate back to the First Amended Complaint and give DHM leave to raise the issue concerning the Complaint in a motion in limine.  The First Amended Complaint was filed on January 30, 2006.  The 120 day period runs on May 30, 2006.  Mesteth was named by another plaintiff by that time and both Mesteth and Powell had testified at the criminal trial by that time.  I conclude that the Second Amended Complaint relates back to the filing date of the First Amended Complaint and allow the substitution of Powell and Mesteth.

II.    Motion to Dismiss

    A.    Battery

In the Second Claim, DHM alleges a battery claim against Boyles and the State.  The State moves to dismiss the claim, contending that the Oregon Tort Claims Act ("OTCA") did not

Page 6 - OPINION AND ORDER

waive sovereign immunity for this intentional tort.  Based on an investigation, the State

determined that Boyles' acts were malfeasance and not within the course and scope of his

employment.  Under the OTCA, the State argues that it is prohibited from defending or

indemnifying him because the legislature did not waive sovereign immunity for torts under those

circumstances.

DHM argues that if the battery claim alleged against the state is dismissed, he does not

have a viable and meaningful claim for battery because Boyles, who is now incarcerated, is

unable to pay a judgment.  DHM claims that the state's dismissal unconstitutionally denies him a

remedy and access to the courts.  Rather than allow the State to unilaterally determine whether it

must indemnify Boyles, DHM contends that a jury must decide the issue.

In reply, the State notes the difference in the first two subparts of the OTCA,

ORS 30.285, which apply to public bodies, and the procedures in the last three subparts of that

section, which apply only to the State.  Based on the statute, the State argues that the Attorney

General is assigned the duty of determining whether immunity has been waived against the State.

The State also contends that DHM's constitutional argument is without merit.

Sovereign immunity was part of Oregon's law at the time of statehood and the adoption

of the Oregon Constitution in 1859.  Hale v. Port of Portland, 308 Or. 508, 514, 783 P.3d 506

(1989), abrogated in part on other grounds, Smothers v. Gresham Transfer, Inc., 332 Or. 83, 23

P.3d 333 (2001).  Article I, section 10 of the Oregon Constitution states that "every man shall

have remedy by due course of law for injury done him in his person, property, or reputation."

DHM cites Smothers v. Gresham Transfer, Inc., 332 Or. 83, 115, 23 P.3d 333 (2001) for its

holding that "the drafters of Article I, section 10, sought to give constitutional protection to

absolute rights respecting person, property, and reputation as those rights were understood in

Page 7 - OPINION AND ORDER

1857, and that the means for doing so was to mandate the availability of remedy by due course of

law in the event of injury to those rights."  The problem with DHM's argument, however, is that

sovereign immunity was the law in 1857.  Thus, the OTCA's partial, but not complete, waiver of

sovereign immunity does not violate the Remedies Clause.

I now turn to the issue of whether the State's indemnification of Boyles is a question for

the jury or the Attorney General.  The OTCA states, in relevant part:

> (1)  The governing body of any public body shall defend, save harmless and indemnify any of its officers, employees and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty.

> (2)  The provisions of subsection (1) of this section do not apply in case of malfeasance in office or willful or wanton neglect of duty.

> (3)  If any civil action, suit or proceeding is brought against any state officer, employee or agent which on its face falls within the provisions of subsection (1) of this section, or which the state officer, employee or agent asserts to be based in fact upon an alleged act or omission in the performance of duty, the state officer, employee or agent may, after consulting with the Oregon Department of Administrative Services file a written request for counsel with the Attorney General.  The Attorney General shall thereupon appear and defend the officer, employee or agent unless after investigation the Attorney General finds that the claim or demand does not arise out of an alleged act or omission occurring in the performance of duty, or that the act or omission complained of amounted to malfeasance in office or willful or wanton neglect of duty, in which case the Attorney General shall reject defense of the claim.

> (4)  [duty of employee to cooperate]

> (5)  If the Attorney General rejects defense of a claim under subsection (3) of this section or this subsection, no public funds shall be paid in settlement of said claim or in payment of any judgment against such officer, employee or agent. Such action by the Attorney General shall not prejudice the right of the officer, employee or agent to assert and establish an [sic] appropriate proceedings that the claim or demand in fact arose out of an alleged act or omission occurring in the performance of duty, or that the act or omission complained of did not amount to malfeasance in office or willful or wanton neglect of duty, in which case the officer, employee or agent shall be indemnified against liability and reasonable

costs of defending the claim, cost of such indemnification to be a charge against the Insurance Fund established by ORS 278.425.

ORS 30.285 (1)-(5). The State correctly notes that it is treated differently from other public bodies in subsections (3) and (5). It is important to remember that the OTCA is only a partial waiver of sovereign immunity, not a complete waiver. Because the legislature drafted the OTCA, it had the opportunity to make special provisions for the State itself. When arguing that the Attorney General's decision is not binding on the court, DHM cites to respondeat superior cases which do not involve a public body and to cases that involve public bodies other than the State. Those cases are not persuasive in light of the language in these subsections.

In considering this issue, I reviewed Berry v. State of Oregon, 141 Or. App. 225, 917 P.2d 1070 (1996), in which a former state employee sued the State and one of the State's personnel managers for claims arising from the employee's termination. The trial court dismissed the personnel manager after the Attorney General determined that he was entitled to a defense and indemnification. A consequence of the determination was that the OTCA damages caps would then apply to the claim. Plaintiff wished to proceed against the individual personnel manager in parallel with his claim against the State, without facing the caps, and appealed the dismissal. Id. at 226-28.

On appeal, personnel manager argued that the court had to accept the Attorney General's determination and substitute the state as the sole defendant. The appellate court noted that ORS 30.285 establishes a procedure to resolve issues between the employee, in this case the personnel manager, and the state and does not allow the plaintiff a way to challenge the determination. Id. at 229. The court also noted that the Attorney General's decision was not conclusive on the personnel manager, who could challenge it in the manner provided in the Act.

Page 9 - OPINION AND ORDER

The court reversed the trial court, concluding that the court was not bound by the Attorney

General's decision and would decide the issue on a summary judgment motion, if there was no

genuine issue of relevant facts, or preserve the issue for trial. Id. at 230-31. "Before the court

can grant such a motion, however, it must be satisfied that the employee acted in the scope of

state employment and, thus, that the plaintiff has no claim against the employee as an

individual." Id. at 230.

At first look, Berry appears to support DHM's argument. It is the exact opposite

situation, however. In Berry, the court concluded that it was not bound by the Attorney

General's determination because it would require dismissal of the individual defendant and

institution of the statutory damages caps. Here, being bound by the Attorney General's

determination causes the State to be dismissed, but allows DHM to proceed against Boyles

without the damages caps. From the plaintiffs' perspectives, if the Attorney General's

determination was conclusive in Berry, the plaintiff's remedy was reduced to damages under

statutory caps. In contrast, allowing the Attorney General's determination to be conclusive here

takes nothing from DHM and allows him to obtain a full remedy against Boyles without

reduction to the statutory caps.

This is one of the ways that the State only *partially* waived sovereign immunity, namely,

it does not waive immunity at all if the Attorney General determines that the employee was

acting out of the course and scope of employment or with malfeasance. Under the doctrine of

sovereign immunity, I see no reason why the State cannot draw that line. Although DHM

vigorously argues that a claim against Boyles is worthless due to his financial status, the OTCA

says nothing about this factor. I conclude that I am bound by the Attorney General's decision

Page 10 - OPINION AND ORDER

that Boyles is not entitled to defense and indemnification.  Accordingly, I dismiss the battery

claim against the State.

        B.       <u>Section 1985</u>

In his Third Claim, DHM alleges a claim under § 1985 for a conspiracy to violate his

civil rights.  Defendants move to dismiss it because DHM does not belong to any identifiable

protected class.  In response, DHM agrees to voluntarily dismiss the Third Claim.

<b>CONCLUSION</b>

DHM's Motion to Substitute Parties (#214) is granted.  The State's Rule 12 Motion

Against DHM's Second Amended Complaint (#210) is granted:  the second claim for battery

against the State is dismissed and the third claim under § 1985 is dismissed.

IT IS SO ORDERED.

Dated this _____4th_____ day of October, 2007.


                                   /s/ Garr M. King
                                 Garr M. King
                                 United States District Judge